## FREDERICK AHOLTZ

*v.*

### DAVID ZELLAR.

1. EJECTMENT—*legal titles, only, considered.* Ejectment being an action at law, legal titles and rights alone can be considered and adjusted. If a party has equities, he must resort to a court of equity for their assertion.

2. SAME—*right of recovery as between successive mortgagees.* In ejectment, where both parties are mortgagees, and they both claim from a common source,

the party having the oldest mortgage, from the common mortgagor, who first forecloses and acquires a deed, must prevail, as having the paramount legal title. If the junior mortgagee has equitable rights, by not being made a party to the foreclosure, he must resort to a court of chancery.

3. SAME—*new trial under the statute.* The unsuccessful party in an action of ejectment, who has prayed an appeal to this court, which he never perfects, may take a new trial, under the statute, within one year, by paying the costs.

APPEAL from the Circuit Court of Macon county; the Hon. C. B. SMITH, Judge, presiding.

This was an action of ejectment, brought by the appellee, against the appellant. Both parties claimed title through successive mortgages, given to them by David Morgan, and a foreclosure of the same. The plaintiff's mortgage was the oldest, and first foreclosed, but the junior mortgagee was not made a party to the bill to foreclose.

Mr. J. S. POST, for the appellant.

Mr. A. J. GALLAGHER, and Messrs. NELSON & ROBY, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was ejectment, in the Macon circuit court, by David Zellar, plaintiff, and against Frederick Aholtz, defendant, to recover possession of the south-east quarter of the south-east quarter of section 18, in township 16 north, in range 3 east of the third principal meridian.

The issue was tried by the court by consent, without a jury, and it was admitted both parties claimed title from the same source, namely: one David Morgan. The court found the issue for the plaintiff, and rendered judgment accordingly. To reverse this judgment the defendant appeals.

This is an action at law, in which legal titles and rights are alone to be considered and adjudicated. This is a contest between senior and junior mortgagees, and appellant, on the trial, gave evidence of his oldest mortgage, the oldest proceed-

ings to foreclose the equity of redemption, the oldest decree and the oldest deed under a sale by the master in chancery, and which was approved by the court. Here was shown the paramount legal title. Whatever equities appellee may have, to bring his case within the ruling in *Ohling et al.* v. *Luitjens,* 32 Ill. 23, can be presented in a proper suit. That was a case in chancery, and to that court resort must be had to adjust equities.

The finding, on the issue, should have been for the defendant, appellant here.

Appellee makes a point by way of assignment of a cross-error, which is untenable. It appears there had been a trial of this cause at a previous term of the court, in which judgment had passed for the plaintiff, appellee here, and an appeal prayed by the defendant, which was never perfected. Defendant, within the year, paid all the costs, and demanded a new trial under the statute, the cause remaining on the docket. Plaintiff entered a motion to strike the cause from the docket, which the court denied, and proceeded with the trial, resulting in this judgment, from which this appeal is taken.

For the reasons given, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*Judgment reversed.*