JOHN W. TAYLOR

*v.*

WILLIAM ADAMS.

*Filed at Ottawa January 25, 1886.*

1. EVIDENCE—*original record of decree instead of certified copy.* On the trial of an action of ejectment, in which the plaintiff claims under a decree of foreclosure of a mortgage, the original record of the foreclosure in the same court is admissible in evidence. In such case the plaintiff is not bound to produce a certified copy of the record. The court will take judicial notice of its own records.

2. The record of a court may properly be used instead of a copy, where the case in which it is offered is being tried in the same court which made the record, though one case was in equity and the other at law.

3. PRACTICE—*when the specific objection should be made.* An objection to a record of the court for the want of a *placita*, made in this court for the first time, comes too late, as, if made below, it might have been obviated. A general objection below will not reach it.

4. EJECTMENT—*by mortgagee after condition broken—and against whom.* After condition broken, ejectment may be maintained by the mortgagee against the mortgagor, or those to whom the latter may have assigned the equity of redemption.

5. SAME—*possession of defendant.* In ejectment by the purchaser under a decree of foreclosure of a mortgage, the proof showed that the defendant, the mortgagor, and his wife, after condition broken, he being in possession, conveyed the equity of redemption to a third party, who never took actual possession, and who leased the premises to the wife, and the mortgagor, with his wife, continued in the occupancy of the same.as before: *Held,* that the action could not be defeated under a plea of the defendant denying possession.

6. SAME—*outstanding title.* Where, before bill filed to foreclose a mortgage, the mortgagor and wife conveyed the mortgaged premises to the father of the mortgagor's wife, and he to her, and the purchaser under the foreclosure brought ejectment against the mortgagor, it was *held,* that the title in the wife could not be set up as an outstanding paramount title to defeat the action.

7. MORTGAGE—*grantee of mortgagor—extent of his rights—if not made a party to foreclosure, right of redemption.* The grantee of a mortgagor, after condition broken, takes but the equity of redemption, which can not prevail in an action of ejectment over the legal title. The failure to make him a party to a bill to foreclose the mortgage will not affect the validity of the decree, but his right to redeem from the mortgage will not be foreclosed.

8. A mortgagor, or his grantee, can not make a lease of mortgaged premises which will give greater rights than he possesses, and that will interfere with the right of the mortgagee to enter for condition broken.

APPEAL from the Circuit Court of Will county; the Hon. GEORGE W. STIPP, Judge, presiding.

This was an action of ejectment, brought by William Adams against John W. Taylor. The plaintiff's title was derived as follows: On the 25th day of March, 1862, the appellant, John W. Taylor, executed a mortgage upon the premises in controversy to one Edmund Wilcox, to secure notes given by Taylor to Wilcox for the purchase money of the lots. These notes were assigned by Wilcox to one Clement, and by him to appellee. The notes became due, and remaining unpaid, appellee, by regular proceedings in chancery in the circuit court of Will county, foreclosed the mortgage and became the purchaser at the master's sale, and the redemption expiring, he obtained a deed for the same. The bill of foreclosure was filed September 24, 1874. In June, 1874, appellant and

his wife conveyed the equity of redemption in said premises to the wife's father, and he conveyed back on the same day, to her, the wife, without having taken possession of the premises. On April 10, 1879, appellant and wife again conveyed to her father. On April 1, 1880, Miner, the father of appellant's wife, executed a lease to her for one year. There was, however, no change of possession. Appellant continued to reside with his wife and child, and carry on business, on the mortgaged premises, at the time this suit was commenced and up to the trial.

Messrs. HALEY & O'DONNELL, for the appellant:

The decree of foreclosure could not be proved, except by a certified copy under the seal of the court.

When a record contains no *placitum* or convening order of court, it is defective and void. *Vail* v. *Iglehart*, 69 Ill. 329; *Planing Mill Lumber Co.* v. *Chicago*, 56 id. 304; *Rich* v. *Chicago*, 59 id. 286; *Lawrence* v. *Fast*, 20 id. 338; *Dukes* v. *Rowley*, 24 id. 210.

At the time the bill was filed to foreclose the mortgage, appellant was not the owner of the equity of redemption, but it was in Mary E. Taylor. The grantee of the mortgagor is the owner of the equity of redemption. *Ohling* v. *Luitjens*, 30 Ill. 23.

She having the right to the possession, ejectment would not lie against her husband to dispossess them both.

Messrs. GARNSEY & KNOX, for the appellee:

The objection that the record of the decree of foreclosure wants a *placita*, is made for the first time in this court, and comes too late. *Hyde* v. *Heath*, 75 Ill. 381.

As the suit is not on the decree, no *placita* is required. *Philip* v. *Webster*, 85 Ill. 146.

Having pleaded the general issue, and retained it during the trial, Taylor can not deny that he is in possession of the

property sued for. Rev. Stat. 1874, chap. 25, dec. 19, 25; *Tyler* v. *Orell*, 5 Ired. L. 569; *Judge* v. *Houston*, 12 id. 112.

The proof shows conclusively that he occupies the property, and conforms to the statute and decisions. Rev. Stat. 1874, chap. 25, sec. 6; *Goodhue* v. *Baker*, 22 Ill. 262.

He being the actual occupant, as the head of the family, a claim by his wife, under a holder of this equity of redemption, can not be allowed, the holder of that equity never having been in possession of the premises.

The lease can confer no right of possession, for, if valid, it is a lease by the owner of an equity who had no right of possession, and who was not the holder of a legal title, and who never was in possession. This, if allowed, would be setting up an equitable title to defeat an action of ejectment, which can not be done. *Wales* v. *Bogue*, 31 Ill. 468; *Fischer* v. *Eslaman*, 68 id. 82.

Mr. JUSTICE SHOPE delivered the opinion of the Court:

There were two pleas filed in this case: First, the general issue; secondly, that defendant was not in possession of the premises at the time of suit brought. This latter plea was verified by affidavit. We are of opinion that the evidence warranted the finding against appellant upon this latter plea, and that the finding as to that issue can not be disturbed.

On the trial the court admitted in evidence, over the objection of appellant, the original records of the foreclosure proceedings in the same court, under which appellee claimed title. The ground of objection stated at the time was, that the record could only be proved by copy thereof duly certified, and that the record "was insufficient, irrelevant and incompetent, and did not prove anything." This cause was tried in the Will county circuit court, and the record read in evidence was the record of the same court. It is not necessary that a certified copy of the record should be made when

it is sought to use the record in the same court where it is entered. Courts judicially take notice of their own records. The record may be properly used instead of a copy when the case in which it is offered is being tried in the same court which made the record. 1 Greenleaf on Evidence, sec. 502; *Gray* v. *Davis*, 27 Conn. 447.

It is, however, insisted, that the record was inadmissible for the want of a *placita;* but this objection is specifically pointed out in this court for the first time, and it comes too late. The objection for incompetency and irrelevancy amount to a general objection, only. It is an objection which, if pointed out, might have been obviated in the court below, and such objections must be made in the trial court, or they will be considered waived. *Hyde* v. *Heath*, 75 Ill. 381.

The appellant set up in the court below, as a defence to the action, outstanding title in his wife. The title thus set up was that which she derived through the conveyance of himself and wife to Miner, and by Miner to her, executed after the execution and delivery of the mortgage to Wilcox, and after foreclosure proceedings thereon had been instituted. All that appellant had then to convey was a mere equity of redemption, and that was all she or her grantor took by such conveyance, and which can not prevail against the legal title in an action at law. *Aholtz* v. *Zellar*, 88 Ill. 24; *Wales* v. *Bogue*, 31 id. 464; *Kruse* v. *Scripps*, 11 id. 98; *Fleming* v. *Carter*, 70 id. 286; *Fischer* v. *Eslaman*, 68 id. 78.

It is a familiar principle, that after condition broken, ejectment may be maintained by the mortgagee against the mortgagor, or those to whom he may have assigned the equity of redemption. Appellant could invest his grantee with no greater title than he possessed, or put him in better condition than he occupied himself. The purchaser of the mortgaged premises from the mortgagor stands in the shoes of the mortgagor, and is charged with notice of the mortgage and its legal effect. He succeeds to the rights of the mortgagor, but

is in no better condition. The failure to make him a party to a proceeding to foreclose the mortgage does not affect the validity of the decree, but his right of redemption is unaffected by it. *Kelgour* v. *Wood,* 64 Ill. 345 ; *Kruse* v. *Scripps, supra; Jackson* v. *Warren,* 32 id. 340.

It is insisted that the possession of the premises at the time this suit was brought, was the possession of the wife of appellant, and not his, and therefore the judgment is erroneous. We do not think so. Appellant was in possession, as mortgagor, after condition broken, either by himself or tenant, at the time of the conveyance by himself and wife to Miner. The conveyance to Miner was of a mere equity,—not the legal or paramount title which in contemplation of law draws the possession to it. Before the conveyance to Miner, appellant was in possession by his tenant. Upon the tenant leaving the premises, appellant himself went into the actual occupancy, and continued to occupy, with his family, to the trial. When this right of the wife and her grantor accrued, the right to the possession was in the mortgagee,—not in her or his grantor or lessor. Her lessor never was in possession, and hence, having neither the actual nor constructive possession, could not invest her with it. A mortgagor, or his grantee, can not make a lease of mortgaged premises which will give greater right than he possesses, and that will interfere with the right of the mortgagee to enter for condition broken. *Gartside* v. *Outley,* 58 Ill. 211.

We think, as before stated, that the evidence sufficiently warranted the finding against appellant on his second plea.

Observing no error in the record, the judgment will be affirmed.

*Judgment affirmed.*