Ella L. Stevens, Appellee, v. William T. Blue et al.,
Defendants.
Appeal of Charles H. Albers, Receiver of Lincoln Trust
and Savings Bank, Appellant.

Gen. No. 40,414.

Opinion filed April 26, 1939.

WILLIAM J. FLAHERTY, of Chicago, for appellant;
JAMES CONGER and DONALD H. HAIDER, both of Chicago,
of counsel.

STEVENS & CARRIER, of Chicago, for appellee; GEO.
M. STEVENS and GEO. M. STEVENS, JR., both of Chicago,
of counsel.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered
the opinion of the court.

It appears from the record and abstract in this case that this suit arose out of a creditor's bill filed by the plaintiff Ella L. Stevens. The original complaint was amended twice.

It further appears that on November 29, 1933, plaintiff recovered a judgment at law against the defendants to William K. Blue and Phillip State Bank and of $15,188, on which execution was issued against the property of said defendants; that said execution was thereafter returned· wholly unsatisfied and that the judgment is still in full force and effect.

Plaintiff's judgment was based on four promissory notes given to her by the defendants, William T. Blue and Lydia L. Blue on February 8, 1929. Plaintiff alleges that since said date said defendants Blue have put out of their hands, name or possession, by pretended sale, or otherwise, other real and personal property for the purpose of hindering, delaying and defrauding plaintiff of her judgment; that property of said defendants is held in secret trust by persons to whom the same has been transferred, upon a private understanding or agreement; that such property, or some interest therein, belongs to or shall inure to the benefit of said defendants. That such fraudulent conveyances or transfers were so made by said defendants to William K. Blue and Phillip State Bank and Trust Company.

It further appears that on February 14, 1935, an amended complaint was filed and leave was given that the Chicago Title and Trust Company, as trustee, and William L. O'Connell, as receiver of the Lincoln Trust and Savings Bank, be made additional parties defendant.

The amended complaint in substance states that on December 21, 1931, the defendants William T. Blue and Lydia L. Blue, executed their principal promissory note in the sum of $15,000, payable to their order, and by them indorsed and delivered to George W.

Blomgren, the then receiver of the Lincoln Trust and Savings Bank. To secure said note, said defendants executed a trust deed to the Chicago Title and Trust Company, which deed was recorded on December 24, 1931, as Document No. 11023597, conveying certain real estate in said complaint described. The plaintiff charges that the note and trust deed in question are held by the defendant, William L. O'Connell, as receiver of the Lincoln Trust and Savings Bank, and charges that no consideration was given to the defendants, William T. Blue and Lydia L. Blue, or either of them, for said note and trust deed, and asks that the defendant, William L. O'Connell, as receiver of the Lincoln Trust and Savings Bank, be ordered to deliver up and cancel the trust deed recorded as Document No. 11023597, the note secured thereby, and that the property in said trust deed be released of record from the lien of said trust deed.

On March 7, 1935, William T. Blue and Lydia L. Blue filed their answer in which they deny that they have real estate, or an interest therein, or any personal property which they keep concealed, or of which title is held by others in trust for them, which the plaintiff was unable to reach by execution.

Further answering defendants admit that on January 20, 1932, they were the owners in fee simple of property described in said complaint, and that by deed of trust they conveyed said property to the Phillip State Bank and Trust Company, but defendants deny that said conveyance was fraudulent or made for the purpose of concealing property, and deny that said property should be sold and the proceeds applied in satisfaction of plaintiff's judgment.

Further answering defendants deny that they were insolvent at the time of said conveyance, or shortly thereafter became insolvent and deny that the plaintiff is entitled to any of the relief prayed for.

A receiver was appointed for the real estate in question and filed an answer to the amended complaint on April 11, 1935, in which they neither admit nor deny the allegations of the complaint, but ask for strict proof thereof.

Further answering the defendant-receiver denies the charge as contained in the last sentence therein, which reads as follows:

"Plaintiff is informed and believes and charges the fact to be that no consideration was ever given to defendants, Williams T. Blue and Lydia L. Blue or either of them for said note and trust deed." but says that a good, valuable, and subsisting consideration was given to said defendants for said note and mortgage in the sum of $15,000, delivered by said defendants to George W. Blomgren, as receiver of Lincoln Trust and Savings Bank.

In their answer to the amended complaint William T. Blue and Lydia L. Blue admit that on December 21, 1931, they executed their principal promissory note in the sum of $15,000, payable to themselves and by them indorsed and delivered to George W. Blomgren, as receiver of the Lincoln Trust and Savings Bank; that to secure said note the defendants executed a trust deed to the Chicago Title and Trust Company, which was recorded on December 24, 1931 as Document No. 11023597, in which deed the property described in said amended complaint was conveyed to the Chicago Title and Trust Company, as trustee.

Defendants further answering stated that they did not know whether said note and trust deed are now held by the defendant William L. O'Connell, as receiver, and admit that they received no consideration for said note and trust deed.

The amended answer of defendant William L. O'Connell, as receiver of the Lincoln Trust and Savings Bank, to the amended complaint was filed August 2, 1935, and in substance stated that said defendant-receiver denies the allegation that complaint is not ex-

hibited in collusion with defendants and says that plaintiff is related to defendant William T. Blue and that bill is filed in collusion with said defendant.

Further answering said receiver admits that on December 21, 1931, the defendants Blue, made their promissory note of $15,000, and trust deed, as described in paragraph 12 of the amended complaint and admits that said defendants delivered said notes and trust deed to George W. Blomgren, the then receiver of the Lincoln Trust and Savings Bank; denies that no consideration was given to the defendants for said note and trust deed, and says that said note and trust deed were delivered as additional collateral security to the indebtedness of William T. Blue to the bank; that the defendant William T. Blue, on February 8, 1931, for money loaned to him by said bank, executed and delivered to the bank his note of that date in the sum of $13,000, payable in 90 days; that thereafter said William T. Blue borrowed money from said bank, and to evidence said indebtedness executed and delivered to the bank the following described promissory notes: Note dated February 17, 1931, in the sum of $2,100, payable 90 days thereafter; note dated March 11, 1931, in the sum of $7,000, payable 90 days thereafter; note dated March 16, 1931 in the sum of $2,500, payable 90 days thereafter; that all of said notes were payable to the order of said bank, and contained a collateral agreement executed by William T. Blue under which certain collateral securities were deposited with said bank by the defendant as security for said notes.

The collateral agreements attached to said notes provide, among other things, that in case the bank should at any time be of the opinion that said collateral had declined in value, or the bank should feel insecure, then in all or any of such cases the bank might, in its discretion, call for additional security satisfactory to it.

None of the above described notes were paid, and the bank ceased doing business on or about May 22, 1931. George W. Blomgren was appointed receiver and continued as such until September 23, 1933, and that the defendant William L. O'Connell was appointed and duly qualified as such receiver, to succeed George W. Blomgren, and that said defendant is now the acting receiver of said bank; that the above described notes executed by William T. Blue came into the possession of George W. Blomgren, as such receiver, and thence into the possession of this defendant as receiver.

Prior to December 21, 1931, the notes of the defendant William T. Blue, being past due, George W. Blomgren, as receiver, demanded that said defendant William T. Blue, furnish additional security for said notes, and that William T. Blue agreed so to do, and further agreed to give as additional collateral security a $15,000 note and interest notes executed by himself and wife, and secured by a trust deed conveying a certain lot 6 in block 2 in J. M. Jones' Subdivision and more particularly described in said amended complaint; that in pursuance of said agreement, William T. Blue on December 21, 1931, executed the principal promissory note and interest notes described in said complaint and trust deed of even date therewith; that on or about December 23, 1931, William T. Blue delivered said principal note, interest note and trust deed to George W. Blomgren, as receiver, as additional collateral security for the indebtedness of William T. Blue and that George W. Blomgren, as such receiver, accepted said note, interest notes and trust deed as such additional collateral security.

That the defendant, as such receiver, is now the holder and owner of said principal promissory note of $15,000, interest coupons, and the trust deed securing the same.

Defendant denies that the plaintiff is entitled to have said note, interest notes, or trust deed, surrendered up or canceled, or to have said trust deed released, and denies that plaintiff is entitled to any of the relief prayed.

An amendment to the amended complaint was filed September 16, 1935, by adding to paragraph 12, .the following: "but that said note and trust deed were delivered to said George M. Blomgren, Receiver of the Lincoln Trust and Savings Bank, and accepted and held by him in accordance with the terms and provisions of a certain agreement between him and said Blues embodied in a letter dated December 29, 1931, . . ."

The matter was referred to a master in chancery who found for the plaintiff and ordered that the trust deed held by the receiver be canceled and the notes delivered up. The master's report and supplemental report were approved and confirmed and all the exceptions thereto were overruled by the court.

In the decree entered by the court the defendant William L. O'Connell, receiver of the Lincoln Trust and Savings Bank was ordered to cancel and deliver up to plaintiff's attorneys the promissory note dated December 21, 1931, executed by William T. Blue and Lydia L. Blue in the sum of $15,000, together with the trust deed executed by said parties; that the Chicago Title and Trust Company, grantee in said deed, executed and delivered to plaintiff's attorneys its release deed covering said property; that there is due to plaintiff on said judgment, including costs, from the defendants William T. Blue and Lydia L. Blue, the sum of $18,556.20. Herbert H. Mitchell, receiver of the real estate in these proceedings, is ordered to turn over to plaintiff's attorneys net proceeds in his hands, to be applied by plaintiff upon payment of plaintiff's costs, including master's fees, and upon the satisfac-

tion of plaintiff's judgment to take plaintiff's attorneys' receipt therefor. Defendants William T. Blue and Lydia L. Blue, are ordered, within 15 days after the approval of Herbert H. Mitchell's report and account, as receiver, showing payment of the net proceeds to plaintiff's attorneys, to pay said attorneys the balance due said plaintiff as found by the decree, together with interest from the date of the decree; that if said defendants default in making payment, as aforesaid, Herbert H. Mitchell, as receiver, shall, pursuant to further order and direction of the court, make sale of the premises described in the trust deed to secure the $15,000 note executed by the defendants, William T. Blue and Lydia L. Blue, or such part as may be necessary to pay the amount due, subject to prior liens, at public sale, to the highest bidder for cash, with the right to the plaintiff to bid in all, or part, of said properties. Said sale to be made after the giving of public notice thereof by publication. Said Herbert H. Mitchell, as receiver, is authorized to issue a certificate of purchase to the purchaser, and out of the proceeds of the sale to pay, first, the costs of this proceeding and the costs and expenses of sale; and secondly, to pay to plaintiff's attorneys the sum of $18,556.20, or such balance as may be due thereon, together with interest and costs, the surplus, if any, to be delivered to the defendants William T. Blue and Lydia L. Blue.

The decree further stated that the court retains jurisdiction of the parties, matters and issues in this proceeding, for the purpose of continuing the receiver in office, for the purpose of enforcing collection and protection of any title or lien covered by the decree, and for the purpose of ordering and directing the sale of the premises involved herein by the receiver.

From this decree of the circuit court an appeal has been perfected to this court by Charles H. Albers who

was appointed as receiver of the Lincoln Trust and Savings Bank, owing to the death of the said William L. O'Connell, the former receiver, and asks that the decree of the circuit court be reversed and the suit dismissed as to said receiver for want of equity.

The evidence shows that William T. Blue was indebted to the Lincoln Trust and Savings Bank in a sum upwards of $12,000 which was evidenced by three notes—one for $2,100, dated February 17, 1931, one for $7,000 dated March 11, 1931, and one for $2,500 dated March 16, 1931, all of which were payable 90 days thereafter.

The evidence further shows that the collateral agreement attached to said notes provided, among other things, that in case the bank should at any time be of the opinion that said collateral had declined in value, or should the bank feel insecure, then in all or any such event, the bank might in its discretion call for additional security which would be satisfactory to it.

The evidence further shows that when Blomgren was the receiver, he endeavored to get Blue, the maker of said notes, to pay them and after several negotiations they worked out an agreement by which Blue was to give additional security for the notes and, Blue being the owner of some free and clear real estate, he agreed to put a mortgage on it for $15,000 and gave it to Blomgren. Blomgren was to sell the notes and mortgage and apply it on Blue's indebtedness to the bank. That is the note now held by the receiver. Blue claims that he wrote a letter to Blomgren which set forth their agreement and which reads as follows:

"Dec. 29th, 1931

"Mr. George W. Blomgren, Receiver
Lincoln Trust & Savings Bank,
S. E. Cor. Lincoln Ave. & Irving Park Blvd.
Chicago, Illinois.

"Dear Mr. Blomgren:

"In my depositing with you a first mortgage trust deed, principal note and ten interest coupons in the amount of $15,000.00 on my property situated at 929–31 Edgecomb Place, Chicago, it is understood that you are to dispose of this security together with a $5,000.00 first mortgage on the property situated at 2168 Warner Avenue and a $4,000.00 first mortgage on the property situated at Lot 17 in Orchard Beach, McHenry, Illinois (the latter two now up as collateral in this Bank) to the highest bidder for cash and allowing not over 5% discount or penalty to me on the cashing in of these securities.

"It is also understood and agreed that the cash returns, (less the 1929 and if necessary the 1930 taxes to be deducted together with the expense of procuring an Owner's and a Mortgage Policy and recording fees) are to be applied to my indebtedness in this Bank and a reasonable portion of the other collateral in your hands to be returned me. However, it is my desire that you have ample security for the balance of my indebtedness.

"Very truly yours,<br>Wm. T. Blue

"WTB:W"

Blue contends that Blomgren told him that he could sell the notes and mortgage within five days. This Blomgren denies. It is apparent from a reading of the letter which we have just quoted that it does not sustain Blue's statement, although he says in it is incorporated his agreement with Blomgren. When the receiver attempted to cross-examine Blue as to what certain ambiguous portions of the letter meant, objection thereto was sustained by the master, and wrongfully, for the reason that the letter by itself leaves much to be explained.

Apparently the rulings of the master, which in this appeal plaintiffs and defendants Blue now try to sus-

tain, were based upon the theory that the letter in evidence is a contract under seal and cannot be changed in any way by parol evidence. This letter was not answered by the receiver. The letter is ambiguous, it does not purport to recite the entire understanding, and questions asked in an endeavor to have the letter explained should have been permitted. The master and court erred in denying such evidence to be given. See Wigmore on Evidence (2d Ed.) Vol. 5, sec. 2430; MacNeil Illinois Evidence (2d Ed.) Vol. 2, p. 1853; *Mason v. Griffith,* 281 Ill. 246. Apparently the theory of Blue is that the original notes given to the bank and which he says he desired to pay by giving the notes and trust deed referred to, were without consideration and his testimony tends to support the allegation of the bill that this transaction was done for the purpose of obstructing his, Blue's creditors. If this theory is true, why then did he execute this $15,000 note and give a mortgage on his real estate, which was free and clear, in order to satisfy the bank regarding the payment of such notes which he allegedly gave without consideration?

It is quite evident from this record that the purpose of giving the notes of $15,000 was to provide the receiver with additional security for Blue's indebtedness to the bank and to which the bank was entitled under the terms of the notes then in the possession of the receiver, and further to have the receiver refrain from commencing a foreclosure suit or entering judgment on such notes. This was a valid consideration and amply sufficient.

By the terms of the notes and trust deed covering the original indebtedness, the bank and the receiver for said bank had the right to call for additional security and, having done so and having received such additional security and the receiver having refrained from taking judgment on the indebtedness, that was ample consideration for the transaction.

The fact that the plaintiff in this case is the aunt of the defendant Blue has not been developed sufficiently by the evidence to be of importance and we consider it but an incident.

The finding of the master and the subsequent decree of the court was wrong when they held that there was fraud committed between Blue and the bank. So far as we have been able to find from the record before us, this was an ordinary business transaction and we think the evidence clearly supports the contention of the receiver, and the decree and its findings to the contrary are erroneous.

For the reasons herein given the decree of the circuit court is reversed and the cause is remanded with directions to dismiss the bill for want of equity.

*Decree reversed and cause remanded with directions.*
HEBEL and BURKE, JJ., concur.