(No. 27891.—

ELLA L. STEVENS *vs.* WILLIAM T. BLUE *et al.*—(DORO-
THY STALZER, Intervenor, Appellant, *vs.* HERBERT H.
MITCHELL, Receiver, Appellee.)

*Opinion filed Sept. 19, 1944—Rehearing denied Nov. 20, 1944.*

FRIEDLUND, LEVIN & FRIEDLUND, (EMIL N. LEVIN, of counsel,) both of Chicago, for appellant.

STEVENS & STEVENS, (GEORGE M. STEVENS, of counsel,) both of Chicago, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

This cause comes on leave to appeal granted to review the judgment of the Appellate Court, First District, reversing an order of the circuit court of Cook county.

The action arises on the following facts: Ella L. Stevens brought a creditor's suit against William T. and Lydia L. Blue, husband and wife, who were the equitable owners of the real estate involved in this proceeding and certain other property. By such suit she sought to satisfy a judgment of $18,556.20 which she, in November, 1933, had secured against the Blues. In April, 1935, appellee, Herbert H. Mitchell, was appointed receiver of the property of the Blues, with authority to collect the rents. On July 8, 1938, Ella L. Stevens procured an order directing the receiver to turn over to the attorneys for her the net proceeds from the rents and income accruing to that time, to be·applied upon her claim. No payments were made under this order, and the receiver's first report was filed July 1, 1940, showing receipts over operating costs totaled $145.67.

April 24, 1940, appellant, Dorothy Stalzer, filed her complaint in the superior court of Cook county to foreclose a first mortgage trust deed against the property of the Blues involved in this proceeding. In her complaint she prayed for the appointment of a receiver, with power to collect the rents and profits, in accordance with the terms of the trust deed. A receiver was appointed by the superior court in accordance with the prayer of the complaint. Ella L. Stevens was made a party to the proceeding as one

having an interest as creditor. Mitchell, the receiver appointed by the circuit court, appeared in the proceeding in the superior court and moved that the receiver appointed by that court be discharged and the foreclosure cause transferred to the circuit court, where the creditor's claim was pending. This was done and appellant filed her intervening petition praying for an order removing Mitchell as receiver and impounding the rents, issues and profits for her benefit, as provided in the trust deed, alleging that unless the rents were sequestered and applied on payment of taxes and indebtedness due her, she would suffer irreparable injury. A hearing was had on this petition and on June 4, 1940, prior to the receiver's first report, the circuit court denied, without prejudice, that part of the prayer seeking removal of Mitchell as receiver, and ordered the receivership of Mitchell extended to the mortgaged premises for and on behalf of appellant "with the same force and effect as if the receiver had been appointed by the circuit court" in the foreclosure proceeding.

In the foreclosure proceeding a decree was entered on February 27, 1941, in which it was found that the mortgage was a first, prior and paramount lien on the mortgaged premises and the rents, issues and profits therefrom. On appeal to the Appellate Court, First District, that decree was affirmed, (300 Ill. App. 133,) and this court denied leave to appeal. The property was sold and the master's report of sale was approved with the finding of a deficiency of $4122 due appellant. On July 31, 1942, the circuit court ordered Mitchell, receiver, to pay to Dorothy Stalzer, within ten days, the net income from operating and management of the mortgaged property from June 4, 1940, the date on which the order extending the receivership was entered, to and including July 10, 1943, the date of the expiration of the period of redemption, unless the deficiency was sooner paid. It also found that the report and account of the receiver, showing that he had paid some $2000 of the income from this property to the attorneys

for Ella L. Stevens, should not be approved. It directed
that the receiver prepare his report and account within the
terms of the order, within ten days after the entry thereof,
and that he thereafter pay the income as above stated.
Mitchell appealed from this order to the Appellate Court
where it was held that the order of June 4, 1940, extending
the receivership, applied only to the *corpus* of the property
and not to the rents, issues and profits, and in effect con-
tinued the duty of the receiver to pay the income to Ella L.
Stevens, according to the decree of July 8, 1938. It also
reversed the order of the circuit court refusing to approve
the receiver's fifth current report and directed that it be
approved.

The sole question presented here is whether the Appel-
late Court erred in holding that this order of the circuit
court, continuing the receivership in Mitchell, limited that
extension to the *corpus,* only, of the mortgaged property.
It will be observed that the order extending the receiver-
ship was made for the benefit of appellant, Stalzer. It does
not appear what benefit would accrue to her if the receiver-
ship extended only to the *corpus* of the property and not
the rents, since the property was already in the hands of
the court under foreclosure proceedings, and the trust deed
gave her a lien on the rents.

The following legal situation was presented by the
facts: Prior to the creditor's proceedings brought by Ella
L. Stevens, the Blues were regarded as the owners of the
land for all beneficial purposes, subject only to the rights
of Dorothy Stalzer under the trust deed. Under its terms
appellant, Stalzer, in case of default, was, as between her-
self and the Blues, entitled to possession against them
and anyone claiming any rights under them. (*Wolken-
stein* v. *Slonim,* 355 Ill. 306; *Rohrer* v. *Deatherage,* 336
Ill. 450; *Bradley* v. *Lightcap,* 202 Ill. 154; *Ware* v.
*Schintz,* 190 Ill. 189; *Taylor* v. *Adams,* 115 Ill. 570.)
Notwithstanding these facts as between appellant, Stalzer,
and the Blues, when Ella L. Stevens, the lienholder, whose

lien was subordinate to that of appellant, procured the appointment of Mitchell as receiver, to collect rents to be applied to her claim, she had a right to receive the rents and profits unless and until appellant applied to the circuit court for enforcement of her senior lien. (*Wolkenstein* v. *Slonim,* 355 Ill. 306; *Gunning* v. *Sorg,* 214 Ill. 616; *Wiswall* v. *Sampson,* 14 How. 52, 14 L. ed. 322.) The original appointment of Mitchell as receiver applied not only to the property involved here but to other property not involved, belonging to the Blues. At the time of such original appointment, the rights of appellant were not in any way involved. She was not a party to the proceeding and the court had no notice that her rights might be involved. The rule is, however, that where a receiver has been appointed by the court and it is subsequently called to the attention of the court that another has rights in the property subject to the receivership superior to the party for whose benefit the receiver is appointed, the court will not deprive such superior lienholder of his rights. *Wolkenstein* v. *Slonim,* 355 Ill. 306; *Wiswall* v. *Sampson,* 14 How, 52, 14 L. ed. 322; Wiltsie on Mortgage Foreclosure, (4th ed.) sec. 579; High on Receivers, (4th ed.) sec. 679; Jones on Mortgages, (8th ed.) secs. 1937, 1939.

While the court denied, without prejudice, the petition of appellant, Stalzer, for the removal of Mitchell as receiver and the appointment of another receiver, it is apparent from the language of that order that the court acted favorably on other relief sought by her petition. The chancellor ordered that Mitchell continue as receiver insofar as appertains to the mortgaged premises and his receivership be extended for the benefit of appellant. The receiver and the funds in his hands were under the entire control of the court and the funds could be paid out only on the court's order. Between July 8, 1938, when the original order of appointment of Mitchell was made for the benefit of Stevens, and June 4, 1940, when the order was made extending

the receivership for the benefit of appellant, the receiver paid, as he had a right to do, the income from the property to Stevens, the junior lienholder. The effect of the order of June 4, 1940, was to notify Mitchell that as receiver he was to act for both the Stevens and the Stalzer claims, and that the lien of appellant was superior. Mitchell, as receiver, could not pay out any money collected by him as such receiver, after the entry of the order of June 4, 1940, without an order of court so to do, and when he paid the sum of $2000, collected after the entry of the order of June 4, 1940, without a court order, he did so at his peril, since, under the law, notwithstanding there were two orders affecting his duty concerning the rents and income from the property, the law gave to the claim of appellant, Stalzer, following that order, priority over the claim of Stevens until appellant's claim was satisfied.

Counsel for appellee argue here that no deficiency judgment was entered for the unpaid balance of $4122, hence the chancellor had no authority to order rents paid to appellant during the period of redemption. This argument overlooks the fact that the rents from the mortgaged premises, in the hands of the receiver after the date of June 4, 1940, were in the custody of the court subject to its orders and directions, and that appellant's lien was a first and paramount lien against not only the mortgaged premises but against the rents and profits therefrom. The only report of the receiver showing payment of the $2000 to counsel for Stevens was the fifth report, filed April 8, 1942. The funds in the hands of a receiver may be paid out only by the court's direction. Furthermore, we are unable to agree with the construction placed by appellees and the Appellate Court upon the order approving the master's report of sale. We are of the opinion that that order must be construed as entering a deficiency decree for the benefit of the mortgagee.

It seems to be conceded that the decree approving the master's report of sale found a deficiency in the sum of $4122 due appellant, Stalzer, but it is argued that a finding only is not sufficient to constitute a deficiency decree. Equity looks to the substance rather than to the form. The decree for foreclosure found the amount due from the Blues. This was the amount remaining due on the mortgage. The property on sale paid but part of it. The balance was in the form of a deficiency due Stalzer, and, her lien extending to the rents and profits, it was the duty of the receiver to seek authority to apply the rents and profits in accordance with the order of the court of June 4, 1940, which modified the order of July 8, 1938. Cases cited by appellee in support of his contention to the contrary are not applicable to the facts before us. The judgment of the Appellate Court is reversed and the decree of the circuit court is affirmed.

*Judgment of Appellate Court reversed;*
*decree of circuit court affirmed.*