In re Leo C. & Nancy C. **GELWICKS, Debtors.**

**Bankruptcy No. 86 B 21065.**

United States Bankruptcy Court, N.D. Illinois, W.D.

Dec. 8, 1987.

---

Thomas J. Potter, Morrison, Ill., for petitioner.

Daniel M. Donahue, Rockford, Ill., for respondent.

## MEMORANDUM OPINION AND ORDER

RICHARD N. DeGUNTHER, Bankruptcy Judge.

This matter comes before the Court on the Motion of the First National Bank (Bank) for Relief from Automatic Stay or for Abandonment and Other Relief. The Bank is represented by Attorney Thomas J. Potter. The Trustee, Attorney Daniel M. Donahue, represents himself.

This Memorandum Opinion and Order shall represent findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

The Debtors filed for relief pursuant to Chapter 7 of the Code on August 8, 1986. The Bank holds a first mortgage on the Debtors' realty, a farm. The Bank filed the present Motion on January 5, 1987. Since the filing, the Trustee has been collecting rental income from the farm. The parties agree that there is no equity in the property that can be used for the benefit of creditors and that the Bank should be granted relief from the stay or the property should be abandoned to the Debtors. The dispute arises as to the entitlement of the rents that have been collected by the Trustee since the case was filed.

Section 552 of the Code provides:

(a) Except as provided in subsection (b) of this section, property acquired by the estate or by the debtor after the commencement of the case is not subject to any lien resulting from any security agreement entered into by the debtor before the commencement of the case.

(b) Except as provided in sections 363, 506(c), 522, 544, 545, 547, and 548 of this title, if the debtor and an entity entered

into a security agreement before the commencement of the case and if the security interest created by such security agreement extends to property of the debtor acquired before the commencement of the case and to proceeds, product, offspring, rents, or profits of such property, then such security interest extends to such proceeds, product, offspring, rents, or profits acquired by the estate after the commencement of the case to the extent provided by such security agreement and by applicable non-bankruptcy law, except to any extent that the court, after notice and a hearing and based on the equities of the case, orders otherwise.

11 U.S.C. Section 552. Section 546(b) of the Code provides:

(b) The rights and powers of a trustee under sections 544, 545, and 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

11 U.S.C. Section 546(b).

Most state laws allow a creditor to take a security interest in rents. Typically, however, a lien on rents does not attach until the debtor has defaulted on his indebtedness, and, in the vast majority of states, the creditor takes some additional action. In other words, a security interest in rents is an inchoate lien and attachment is reliant upon the happening of certain events.

In the bankruptcy context, this could have a deleterious effect to the interests of secured creditors. By carefully timing the bankruptcy filing, a debtor could cut off rights that a secured creditor bargained for since any act sufficient to perfect an interest in rents would be a violation of the automatic stay. The secured creditor would be left with an avoidable unperfected security interest in the rents.

■ The laws of Illinois are similar to the laws in most states. A mortgagee may take, as additional security, a security interest in rents. However, in order to be entitled to the rents, the mortgagee must obtain possession of the property or the appointment of a receiver. Ill.Rev.Stats. ch. 110, Sections 15–113, 15–302, 15–308 (repealed by P.A. 84–1462, eff. date July 1, 1987). Once a mortgagee has obtained possession of the property or appointment of a receiver, he is entitled to future rents despite the fact that an intervening creditor has levied the rental income. *Stevens v. Blue*, 388 Ill. 92, 57 N.E.2d 451 (1944).

Enter the event of bankruptcy. Generally, in bankruptcy a secured creditor's interest is limited to his interest in the debtor's property on the date of filing. Section 552(a) cuts off the effect of after-acquired property clauses contained in security instruments. Section 552(b) provides, as an exception, a security interest in proceeds, profits and rents of secured property to the extent that the security document and applicable non-bankruptcy can allow. Section 546(b) allows the post-petition perfection of a security interest in property when applicable non-bankruptcy law allows perfection against "an entity that acquires rights in such property before the date of such perfection". 11 U.S.C. Section 546(b).

In a typically well reasoned opinion, Judge Merrick, in *In re Michigan Avenue National Bank*, 2 B.R. 171 (Bankr.N.D.Ill. 1980), thoroughly discussed Illinois mortgage law and found that Illinois law requires actual possession or actual appointment of a receiver before a mortgagee could be entitled to rents. He then looked to the Supreme Court decision in *Butner v. U.S.*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979) and concluded that, under the former Bankruptcy Act, whether a mortgagee was entitled to post-petition rents was wholly dependent on applicable state law. Judge Merrick decided that a mortgagee with an interest in property located

in Illinois would have to obtain relief from the automatic stay and obtain possession of the realty before he would be entitled to post-petition rents.

The Bankruptcy Code has changed the manner in which security interests can be perfected post-petition. Although applicable non-bankruptcy law is still crucial, the second sentence of Section 546(b) modifies applicable non-bankruptcy law to the extent that, if an inchoate lien may be perfected as against prior lien holders and seizure or possession is required for perfection, notice of the intent to seize or gain possession is sufficient. The vast majority of courts that have addressed the question of whether Section 546(b) may be used to perfect an interest in rents, post-petition, have answered in the affirmative. *In re Village Properties, Ltd.*, 723 F.2d 441 (5th Cir.1984); *In re Morning Star Ranch Resorts*, 64 B.R. 818 (Bankr.D.Co.1986); *In re Sampson*, 57 B.R. 304 (Bankr.E.D.Tenn. 1986); *Consolidated Capital Income Trust v. Colter, Inc.*, 47 B.R. 1008 (D.C.D. Co.1985); *In re Fluge*, 57 B.R. 451 (Bankr. D.N.D.1985); *contra, In re Gotta*, 47 B.R. 198 (Bankr.W.D.Wisc.1985).

In this case, Illinois law requires either actual possession or actual appointment of a receiver to perfect a security interest in rents. Therefore, pursuant to Section 546(b), a mortgagee may perfect a security interest in rents, post-petition, by giving proper notice.

In *Village Properties*, the Fifth Circuit found that a motion for relief from stay to begin state foreclosure proceedings was insufficient. In *Morning Star Ranch Resorts*, a complaint to prohibit use of cash collateral, the rents, was found to be proper notice. In *Sampson*, the FDIC perfected a security interest in rents with a complaint to determine the validity of a lien in the rents. In *Fluge*, the FmHA perfected a security interest in rents with an objection to the Trustee's notice of intent to lease the property. In *Gotta*, the mortgagee filed a "Notice under Section 546(b)". In *In re Southern Gardens, Inc.*, 39 B.R. 671 (Bankr.S.D.Ill.1982), Judge Trabue found that a request to the trustee to se-

quester rents and a motion for relief from stay was sufficient to perfect an interest in rents. Judge Trabue does not specifically mention Section 546(b). Rather, he relied on language contained in *Michigan Avenue* to the effect that some "affirmative action" needs to be taken and that a request made to the Chapter 7 trustee to sequester rents was sufficient affirmative action. This application of the law is entirely consistent with Section 546(b) so that his finding must also have been made upon that basis.

■ The cases are consistent. A notice is sufficient if it informs the court or the possesser of the property that the creditor intends to enforce his lien in the rents. In this case, the Bank filed a Motion for Relief from Automatic Stay. Within the Motion, the Bank plead its lien on rents and requested relief from the stay to pursue the rents. The Motion constitutes adequate notice under Section 546(b).

■ The Trustee argues that in this case, actual possession must be obtained by the Bank since the mortgage so provides. The Court cannot agree. The mortgage merely recites what the Bank has the right to do under Illinois state law. This being so, the mortgage does not constrict nor enlarge the rights of the parties as they exist under applicable non-bankruptcy law. On the basis of the foregoing, the Court finds that the Bank is entitled to all rents collected by the Trustee after January 5, 1987, and the property should be abandoned to the Debtors.

IT IS SO ORDERED.