In re TOWNSIDE PARTNERS, LTD., Debtor.

Bankruptcy No. 7–90–00636.

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Jan. 17, 1991.

William B. Hopkins, Jr., Roanoke, Va., for Townside Partners, Ltd.

M. Christian Orndorff, Roanoke, Va., for Taubenfeld and Zuckerbrod.

## MEMORANDUM OPINION

ROSS W. KRUMM, Bankruptcy Judge.

The issue before the court is whether post-petition rents collected by the debtor in possession in this case constitutes cash collateral under 11 U.S.C. § 363. For the reasons stated in this opinion, the court holds that the rents are cash collateral.

### Facts

In September 1983, Townside Partners, Ltd. (Townside) acquired Edgehill Estates, an apartment complex in Roanoke, Virginia (the Property). As part of the purchase transaction, Townside executed a deed of trust (the Wrap Deed of Trust) to secure indebtedness of $2,200,000.00. This Wrap Deed of Trust was dated September 22, 1983, and is a fourth lien deed of trust on the subject property. By its terms, the Wrap Deed of Trust secures and is subordinate to a first lien deed of trust in the original principal unpaid face amount of $950,000.00, a second lien deed of trust in the original principal unpaid face amount of $416,367.16, and a third lien deed of trust in the original principal unpaid face amount of $180,612.84. Under the financing arrangement contemplated by the Wrap Deed of Trust, payments are made to the holder of the fourth lien deed of trust note who services all of the senior debt. Messrs. Taubenfeld and Zuckerbrod (the Movants) serve as trustees for the beneficiary of the fourth lien deed of trust note.

The parties to this motion have entered into a joint stipulation. Exhibit A is the Wrap Deed of Trust. Several provisions of the deed of trust deal with the rents generated from the property. The relevant provisions in the Wrap Deed of Trust are as follows: (1) The granting provision of the Wrap Deed of Trust, beginning on page 2 of Exhibit A, states

> TOGETHER WITH the Grantor's right, title and interest as landlord ... in ... any and all rents ... now due or hereafter to become due with respect to the premises....

(2) Beginning on page 19 of the Wrap Deed of Trust, paragraph 13 is entitled "SPECIFIC ASSIGNMENT OF RENTS, CLAIMS, ETC UNDER LEASES." Several portions of paragraph 13 are relevant to the case at bar: (a) The first sentence of the paragraph begins

> In the event of default and without limiting the generality of the granting clauses hereof, the Grantor Specifically hereby *presently* and *irrevocably* assigns ... all rents ... due or to become due.... (emphasis added).

(b) The third sentence in paragraph 13 begins

> The assignment of rents ... shall be effective immediately upon the execution of this Deed of Trust and is not conditioned upon the occurrence of any default hereunder or any other contingency or event....

(c) A portion of the final sentence of paragraph 13 states

> [T]he Beneficiary hereby appoints the Grantor as its sole and exclusive agent to receive and receipt for all monies due or to become due under such leases and to apply such monies pursuant to the provisions of section 14....

Paragraph 14 of the Wrap Deed of Trust, beginning on page 20 of Exhibit A, contains specific directions as to the application of assigned sums. In general, there are directions for the application by the grantor (the debtor herein) of rent proceeds prior to default (paragraph 14.1) and during default (paragraph 14.2).

*Law*

In determining whether an assignment of rents clause is perfected such that the post-petition rents become cash collateral in a Chapter 11 proceeding, it is necessary to review state law. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979). Absent contractual provisions, Virginia law requires that the mortgagee be in possession of property subject to the mortgagee's lien before the mortgagee can collect rental income. *Frayser's Administrator v. Richmond & A.R.R. Co.*, 81 Va. 388 (1866). However, Code of Virginia § 55–59 states, in relevant part, "Every deed of trust to secure debts or indemnify sureties is in the nature of a contract and shall be construed according to its terms to the extent not in conflict with the requirements of law...."

The debtor has argued that *Frayser's* case controls the disposition of this case. However, this court holds that where the deed of trust addresses the issue of the assignment of rent, its terms govern and the court must look to the intention of the parties as reflected by their contractual agreements in the deed of trust. This concept has been recognized by the Fourth Circuit in *Fidelity Bankers Life Ins. Co. v. Williams*, 506 F.2d 1242 (4th Cir.1974). In *Fidelity*, the Fourth Circuit recognized the validity of an absolute assignment of rents and held that the mortgagee had an absolute right to possession of the encumbered property as well as to the rents, issues and profits immediately upon default by the mortgagor. In short, the language of the deed of trust determines the status of rents as cash collateral in this bankruptcy proceeding. *In re Vienna Park Properties*, 120 B.R. 332, 336, 337 (Bankr.S.D.N.Y. 1990).

In analyzing the intention of the parties as reflected in the Wrap Deed of Trust, the court finds that the language which controls is embodied, in large part, in paragraph 13. The opening sentence of paragraph 13 indicates an intention of the parties that the assignment of rents is to be absolute from the date of the execution of the Wrap Deed of Trust. The language

of that sentence states that "the Grantor specifically hereby *presently* and *irrevocably* assigns ..." (emphasis added). The third sentence of paragraph 13 recites that the assignment of rents is "effective immediately upon the execution of this Deed of Trust and is not conditioned upon the occurrence of any default hereunder or any contingency or event."

Based upon the beginning clause of the first sentence "in the event of default," there may be some question of inconsistency in the language found in the first sentence of paragraph 13 and the language found in the third sentence in paragraph 13. However, both clauses indicate a present and irrevocable assignment of the rents. The court does not construe the language "in the event of default" in the first sentence of paragraph 13 to diminish the absolute assignment of the rents by the grantor. In fact, the same sentence refers to a "present and irrevocable assignment." Thus, the sentence lends itself to an interpretation that the parties intended a relation back of the assignment to the execution of the deed of trust if the default occurs. In any event, the language later in paragraph 13, which is more specific, clearly shows the parties did not condition the assignment to default.

Paragraph 13 also designates the grantor (the debtor) as agent for collection of rents and paragraph 14 tells the grantor how it may spend the rents under certain conditions. All of these provisions, when read together, indicate the intent of the parties to absolutely assign the rent. Further, there is nothing in the Wrap Deed of Trust which indicates that the secured creditor would be required to do anything further to perfect its lien in the rents. Unlike the deed of trust in *Vienna Park*, *supra*, the provisions for assignment of rent in the Wrap Deed of Trust do not contain language which would indicate that the ruling in *Frayser's* case should control. In *Vienna Park*, the assignment of rents provision recited that the rents were additional security and provided that upon acceleration of the deed of trust the lender was entitled to take possession of the prop-

erty and manage it and collect the rents. The court in *Vienna Park* found that the operative language in the *Vienna Park* deed of trust was compatible with the case law in the State of Virginia as reflected in *Frayser's* case; i.e. that the mortgagee must be in possession of the property subject to the lien before rental income can be collected. Since the mortgagee was not in possession of the property on the date of the filing of the petition for relief, the court in *Vienna Park* found that the secured creditor was not entitled to collect the rent and was, therefore, not perfected in its asserted lien. This eliminated rent as cash collateral since the creditor did not have an interest in it. *Id.* at 338.

The language of the Wrap Deed of Trust in the case at bar clearly distinguishes it from the *Vienna Park* case and dictates a different result. At the time of the filing of the petition for relief in the case at bar, the debtor was merely serving as an agent for the beneficiaries of the Wrap Deed of Trust to collect rent and pay the rent proceeds as directed by the terms of the Wrap Deed of Trust. The assignment was present and irrevocable. The only condition which would remove the assignment was payment of the obligation secured by the deed of trust. See Exhibit A, page 4. Accordingly, this court holds that the rent from the property in the case at bar constitutes cash collateral under 11 U.S.C. § 363 in which the Movants have an interest.

An appropriate order will be entered implementing this memorandum opinion.