## CIRCUIT COURT OF LOUDOUN COUNTY

First American Bank of Va.

v.

Farmers & Merchants
National Bank of Hamilton et al.

### April 6, 1992

### Case No. (Law) 13069

BY JUDGE THOMAS D. HORNE

This cause came to be heard upon the cross motions for summary judgment filed by the parties. They have entered into a stipulation of facts deemed relevant to a determination of the case. The Court agrees with the parties that the cause is ripe for summary adjudication on the pleadings and stipulation.

Richard O. Gore and his wife, Laura B. Gore, executed a Deed of Trust and Assignment of Leases and Rents in connection with a loan made to them by First American Bank in the principal amount of $600,000. The Deed of Trust and Assignment of Leases were dated, executed and recorded on October 10, 1990. In January of 1991, Farmers & Merchants Bank obtained a judgment in the amount of $52,729.23 against Richard B. Gore, and thereafter instituted garnishment proceedings to collect the debt. This garnishment resulted in the attachment of certain rents payable by tenants of the subject property pursuant to leases with Mr. and Mrs. Gore. These funds, totaling $20,363.95, were subsequently ordered paid to Farmers & Merchants. First American received no notice of the garnishment proceedings.

First American asserts that it is entitled to the garnishment proceeds as the Gores made an absolute assignment of the rents on October 10, 1990. Conversely, Farmers and Merchants claims that the parties only intended to grant to First American a security interest in

such rents. Thus, they contend that the parties did not express an intent to modify the law of Virginia governing the entitlement of a lien creditor to rents and profits of a mortgagor in possession.

Absent an intent of the parties to make an absolute assignment of the rents, First American may not prevail. At the time of the garnishment, the Gores as mortgagors in possession were entitled to receive the rents and profits from the trust property. *Gilbert v. Washington City, V.M. & G.S.R.R. Co.*, 74 Va. (33 Gratt.) 645 (1881); *Frayser's Adm'r v. Richmond and Allegheny Ry. Co.*, 81 Va. 388 (1886). A review of the authorities submitted by counsel, and of the Deed of Trust and assignment, lead this Court to conclude that an absolute assignment was not intended such as would defeat the entitlement of Farmers and Merchants to the proceeds of the garnishment.

First American would suggest that the assignment was absolute; and yet by the terms of the contract giving rise to such assignment, its entitlement to rents need not take effect until a default under the terms of the loan documents. They assert that, as the Gores were in default at the time of the garnishment, First American was entitled to receive such rents.

Within the Deed of Trust and Assignment, one finds the following relevant conditions:

> As further security for the debt hereby secured and the interest thereon, the Grantor hereby also does grant, bargain, sell, convey, assign, transfer and set over into Trustee, in trust, prior and superior to any and all other claims, or demands thereto, all leases of any part of the land and improvements now or hereafter existing, including all rights of the Grantor as lessor thereunder, and the rents, issues, and income of and from the Land and improvements accrued and hereafter to accrue, with full power and authority, at Beneficiary's election, to give receipts for the same, to apply all sums so collected, less a reasonable commission thereof which is hereby authorized to be paid to any agent employed by the Beneficiary to execute the provisions of this paragraph, and after deduction also of expenditures for repairs and upkeep of the Land and Improvements, to the payment of the indebtedness described in and secured by this Deed of Trust.
>
> Now, Therefore, for and in consideration of the premises and as further security to Noteholder for the indebtedness

secured by the Note, Assignor does hereby sell, assign, and transfer into Noteholder all rights, interest, and . . . rental agreements now or hereafter covering or affecting any portion of the property, and all rents, issues, and profits now due and which may hereafter arise under or be [sic] virtue of such lease, license, or rental agreement.

It is the intention of the Assignor to establish an absolute transfer and assignment to Noteholder of all the aforesaid leases, licenses, and agreements and all the rents, issues, and profits arising therefrom.

Assignor does hereby irrevocably appoint Noteholder as its true and lawful attorney-in-fact in its name and stead (with or without taking possession of the property) to rent, lease, or let all of any portion of the property to any party or parties as such rental and upon such terms as Noteholder in its discretion may determine, and to collect all rents, issues, and profits arising therefrom.

Although it is the intention of the parties that this assignment of rents and profits shall be a present assignment, it is expressly understood and agreed, anything herein contained in to the contrary notwithstanding, that Noteholder shall not exercise any of the rights and powers conferred upon it herein until and unless a default shall occur in the payment of interest or principal due upon the Note . . . .

A fair reading of the loan documents would indicate that the parties intended to create a security interest in the rents from the trust property and did not intend to vest title in such rents in the assignee. The fact that the parties may have described the assignment as "absolute" is not determinative of the issue. The court must view the agreements in their entirety. *In re Hall Elmtree Associates, Ltd.*, 126 B.R. 73 (D. Ariz. 1991). The intention of the parties is controlling. *In re Vienna Park Properties*, 120 B.R. 332 (S.D. N.Y. 1990).

Among the cases referred to by counsel, *In re Townside Partners, Ltd.*, 125 B.R. 8 (W.D. Va. 1991), is most helpful in an analysis of this case. It is particularly useful as a commentary upon the only illustrative example of an absolute assignment among the many bankruptcy cases submitted by counsel.

In, *Townside, supra*, the Court noted the language of a wrap Deed of Trust which described a "present" and "irrevocable" assignment

"not conditioned upon the occurrence of any default hereunder or any contingency or event." In addition, the Court noted that the trust designated the debtor agent for collection of rents and further indicated how the debtor might spend the rents under certain conditions. Lastly, the Court observed that the Deed of Trust required nothing further of the secured creditor in order to perfect its lien in rents.

In contrast to the provisions of the trust in *Townside*, the provisions of the security documents in this case are like those under consideration in *Hall Elmtree, supra.* While the Court in *Hall Elmtree* noted the absence of a separate instrument contemplated by the agreement evidencing an assignment of rents, this was but one of several factors which the Court deemed relevant to a consideration of the assignment. After an analysis of the language of the agreement, the Court concluded that, despite the express language of the agreement that an absolute assignment was intended, no such assignment had been made. Thus, the Court in *Hall Elmtree* stated:

> Taken in its entirety, the agreement carefully creates nothing more than a security interest in the rents of the apartment building . . . Until the mortgage payment stops coming in, the mortgagee is not interested in the duties and liabilities associated with actually collecting the rents. The intent of the parties was to secure performance on the note with an assignment of rents, but not to pass title to those rents. The assignment was termed "absolute" in hopes of having it both ways. *In re Hall Elmtree, supra*, at 75.

The clear intent of the parties to the loan documents under consideration in the instant case was to create but a security interest in the rents which, upon default, First American would be entitled to enforce. The Stipulation implicates that as of the date of the garnishment, possession had not been obtained by First American nor any other action to collect rents commenced by the bank.

Accordingly, the Court will award Summary Judgment to Defendant and dismiss the instant Motion for Judgment.