In re HARBOUR POINTE LIMITED PARTNERSHIP, Debtor.

FIRST AMERICAN BANK
OF VIRGINIA/WNB
CORP., Plaintiff,

v.

HARBOUR POINTE LIMITED
PARTNERSHIP,
Defendant.

Bankruptcy No. 91–00277.
Adv. No. 91–0028.

United States Bankruptcy Court,
District of Columbia.

Oct. 15, 1991.

**502**

Timothy A. Nelson, Washington, D.C., for plaintiff.

Emil Hirsch, Washington, D.C., for defendant.

### SUPPLEMENTAL DECISION

S. MARTIN TEEL, Jr., Bankruptcy Judge.

The debtor owns, subject to the bank's lien, a boat marina on the Occoquan River in Woodbridge, Virginia and some adjacent or nearby vacant land. The bank sued for a declaration that the debtor's rents from the marina are the bank's cash collateral. After trial, the court, in an oral decision, found that the debtor had no equity in its property after the bank's lien. The court further concluded that the bank does not hold an absolute assignment of rents; that a receiver would be appropriate under Virginia law to enforce the bank's security interest in rents; that upon showing a receiver is appropriate, the filing of notice under 11 U.S.C. § 546(b) makes the bank's interest perfected and enforceable in bankruptcy; that such perfection extends only to *future* rents, not *past* rents; and that this adversary proceeding constituted a sufficient notice of perfection under 11 U.S.C. § 546(b). This decision elaborates upon the legal and factual analysis supporting those conclusions.

### 1. *Non-absolute Nature of Assignment*

The assignment here was a security interest, not an absolute assignment. The parties rely principally upon *In re Townside Partners, Ltd.*, 125 B.R. 8 (Bankr. W.D.Va.1991), and *In re Vienna Park Properties*, 120 B.R. 332 (Bankr. S.D.N.Y.1990), in arguing their respective positions.

In *Vienna Park* the court held that an assignment of rents was merely a security interest because the deed of trust characterized the assignment "[a]s additional security" and the bank's right to collect rents was only to be triggered upon acceleration of the debt which in turn authorized entering upon, taking possession of, managing the property and collecting the rents. 120 B.R. at 337. A mere lien in rents, as opposed to an absolute assignment, is unenforceable in Virginia absent the mortgagee's obtaining possession. *Id.*

In *Townside Partners*, in contrast, the deed of trust presently and irrevocably assigned the rents to the bank, was expressly not conditioned on a default, and appointed the debtor as the bank's agent to collect rents and to apply them as directed by the deed of trust. This, the court held, was an absolute assignment such that the bank was not required to take possession to perfect its interests in those rents.

The case here falls in between *Vienna Park* and *Townside*, but the assignment nonetheless was only a security interest, not an absolute assignment. Although the assignment is not exercisable only in the event of default, the provision assigning the rents expressly says that it is "[a]s further security for the debt hereby secured" and uses no words of absolute assignment.[1] The provision is enforceable

---

1. The pertinent paragraph (Deed of Trust, par. 2) provided:

As further security for the debt hereby secured and the interest thereon and all of the sums authorized to be expended by the Trustee or the Beneficiary, the Grantor does hereby also grant, bargain, sell, convey, assign, transfer and set over unto Trustee, in trust, prior and superior to any and all other claims or demands thereto, all leases of any part of the Land and Improvements now or hereafter existing, including all rights of the Grantor as lessor thereunder, and the rents, issues, and income of and from the Land and Improvements accrued and hereafter to accrue, with full power and authority, at such holder's election, to collect and give receipts in full for the same, to apply all sums so collected, less a reasonable commission thereof which is hereby authorized to be paid to any agent employed by the Beneficiary to execute the provisions of this paragraph, and after deduction also of expenditures for repairs and upkeep of the Land and Improvements, to the payment of indebtedness described in and secured by this Deed of Trust. There shall be no duty upon the Beneficiary, however, to exercise such election, and the Beneficiary shall be accountable for only such rents, issues, and income actually collected by the Beneficiary. The Beneficiary may permit the Grantor at any time and from time to time to collect said rents, issues, and income to its own use in which event the same shall in no way be deemed a waiver by, or to work an estoppel upon, the Beneficiary thereafter to assert Beneficiary's full rights and authority hereunder, provided,

only at the bank's election. The deed of trust does not restrict the debtor's use of rents in the event an election is not made. Moreover, the debtor is not made the bank's agent. Rather, the instrument envisions that the bank will employ an agent to execute its right to collect rents. The bank has never installed such an agent. Thus the assignment is in form only a security interest.[2]

■ The bank cites *Bailey v. Pioneer Federal Savings & Loan Ass'n.*, 210 Va. 558, 172 S.E.2d 730 (1970), as supporting its position that there was an absolute assignment. That case merely held that under Virginia law, when the owner has been incarcerated and is in default, the bank may lawfully take possession of the property and collect rents pursuant to a contractual agreement that the bank, upon default, could take possession of the real property and collect the rents. The case does not deal with the issue of when an assignment of rent is absolute, requiring no further steps for perfection, and furnishes no support for the bank's argument that this was an absolute assignment.[3]

### 2. *Bank's Entitlement to Receiver*

■ The bank has established that its mortgage debt is due and that the value of the mortgaged property is insufficient to pay the amount due. Appointment of a receiver to enforce the bank's security interest in rents pending foreclosure is appropriate when that showing is made. *Bristol v. Home Building Co.*, 91 Va. 18, 20 S.E. 946 (Va.1895); *Clarke v. Curtis*, 42 Va. 289 (1844); Va.Code § 8.01–591.

### 3. *The Bank's Security Interest Is Enforceable Under 11 U.S.C. § 546(b) But Only As to Future Rents*

■ The bank has established its right to obtain possession of the property by way of a receiver.[4] That entitles it under 11 U.S.C. § 546(b) to file a notice of perfection as to future rents in lieu of actual seizure as long as the perfection would defeat any other entity obtaining an earlier interest in the rents. *In re 1301 Connecticut Ave. Associates*, 117 B.R. 2, 10–11 (Bankr. D.D.C.1990). Citing *Vienna Park*, 120 B.R. at 340, the debtor contends that priority must be retroactive to the petition date. In *1301 Connecticut Ave.*, 117 B.R. at 10–11, this court rejected that interpretation of § 546(b). The court in *Vienna Park* failed to address *1301 Connecticut Ave.* and in holding that retroactive priority is required relied on cases this court had found unpersuasive. Section 546(b) does not use the word "retroactive." Rather, "the proper

---

further that no prepayment of any said rents, issues, or income for the whole or any portion of the Land and Improvements, shall be procured, or permitted, or valid, without the written consent of the Beneficiary. If, moreover, upon the occurrence of any event of Default hereunder, the Grantor, or its successors in title to the Land and Improvements, shall be or remain in possession thereof, or any part thereof, they shall be obligated to pay the Beneficiary a fair and reasonable rental for the premises so occupied so long as they remain in such possession.

**2.** Moreover, the "assignment" was in substance, and not only in form, a security device, as opposed to an outright sale based on the debtor receiving some form of consideration (aside from the right to have rents applied to the mortgage debt, a right it obviously would possess without any assignment). The bank did not become the true owner of the debtor's rights as lessor, including the risk that the lessees might not make payment of their rent. As a matter of substance, only if the bank owned the right to collect rents outright with the rents

actually collected having no impact on the amount of the debtor's debt, would there in substance be an absolute assignment to the bank. While *Townside* suggests that the substance may be disregarded, and that form controls, the assignment here fails on both scores.

**3.** Interestingly, the deed of trust contained a provision at page 7, paragraph (a), like that in the deed of trust in *Bailey*. But the bank did not rely on that provision, never citing it, and instead relied on the assignment provision of page 2 of the deed of trust. Moreover, the bank never took possession and never filed a notice of perfection via possession under 11 U.S.C. § 546(b). At most, its adversary proceeding amounted to a notice of perfection based on its entitlement to a receiver's taking possession.

**4.** As noted previously, the bank also apparently had a contractual right to possession under paragraph (a) on page 7 of the deed of trust, because the debt is in default, *see Bailey,* 172 S.E.2d at 734, but the bank did not raise this point.

focus of § 546(b) is whether the entity invoking § 546(b) defeats the rights of a hypothetical entity that earlier acquires rights in the property in dispute." *1301 Connecticut Ave.,* 117 B.R. at 11.

■ The rule in most states is that upon having a receiver appointed, a mortgagee takes priority over any other entity that obtained a later pledge of rents. *1301 Connecticut Ave.,* 117 B.R. at 9–10. The parties have not cited any Virginia law to the contrary and I thus hold to that effect here and conclude that under § 546(b) the bank can perfect its lien against future rents.

The bank, however, urges that under Va. Code § 55–96 (1990), the bank's security interest is deemed perfected as of the date of recordation of the deed of trust. But § 55–96 is a recording statute and does not alone perfect a security interest in rents: a receiver is a necessary additional step. Thus, § 55–96 does not address, for example, the question of who has priority in rents accruing in an earlier-commenced receivership on behalf of a junior assignee of rents before the senior assignee obtains a receiver on the senior assignee's behalf. Virginia would likely follow the usual rule that the junior lienor takes priority over rents accruing before the senior lienor obtains a second receivership. Thus, the bank cannot perfect under § 546(b) as to rents accruing before appointment of a receiver.

### 4. *The Adversary Proceeding Complaint Constitutes A Notice Under § 546(b)*

■ The complaint in this adversary proceeding constitutes clear notice of the bank's intention to perfect its lien in rents under § 546(b) in lieu of actual seizure under § 546(b). The court will not require the bank to file a separate notice stating that which is already made clear by the complaint.

An appropriate order follows.