**In re Kenneth E. McCORD and Carol Denise McCord a/k/a Carol D. Hinton.**

**Bankruptcy No. 97–44388 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Little Rock Division.

April 6, 1998.

Charles A. Brown, Little Rock, AR, for creditor.

Richard Ramsay, trustee.

Henry Means, Little Rock, AR, for debtor.

### ORDER GRANTING MOTION FOR RELIEF FROM STAY

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the "Petition to Relax Stay" filed on January 28, 1998, to which the debtor responded on February 9, 1998. The matter was called for

trial on February 24, 1998, after which the parties submitted post-trial briefs.

In March 1997, the debtors contracted with Supershine Floor Maintenance ("Supershine") for reconstruction on the debtors' home. Although additional work was later requested and performed, the work on the home was substantially completed on or about July 21, 1997. Upon the debtors' failure to pay the entire amount due to Supershine, on September 25, 1997, at 4:13 p.m. Supershine filed a suit in the Chancery Court of Pulaski County to foreclose on its mechanics' lien. However, at 1:23 p.m. on that same day, the debtors had filed their Chapter 7 petition in bankruptcy. Supershine now seeks relief from stay in order to pursue its state law remedy of foreclosure on the mechanics' lien.[1]

Section 546 of the Bankruptcy Code permits, under limited circumstances, post-petition perfection of certain liens:

■ Under section 546(b)(1)(A), post petition perfection is authorized if Arkansas law would permit the perfection against an entity that acquires rights in the property before the date of perfection. Thus, as applied to this case, if, under Arkansas law, a mechanics' lien can be perfected although another entity acquires an interest in the property before the mechanics' lien is perfected, the Bankruptcy Code also permits the mechanics' lien to be perfected despite the filing of the bankruptcy petition.

■ Under Arkansas law, every mechanic, laborer, or other persons who performs any work or furnishes material for building or for repairing any building by virtue of a contract with the owner or agent, has a lien upon the building, so long as the person complies with the requirements of the statute. Ark.Code § 18–44–101(a). The lien attaches to buildings or other improvements and is given preference, with some exceptions, to prior and subsequent liens, encumbrance, or mortgages. Ark.Code § 18–44–110. To comply with the statute, and there-

by perfect the lien, the laborer or vendor must file a verified account of the amount owing and a description of the property with the clerk of the circuit court within 120 days after the work is performed or materials furnished. Ark.Code § 18–44–117(a). If a complaint is filed with the Circuit Clerk, that document suffices to perfect the lien. *Nat'l Lumber Co. v. Advance Dev. Corp.*, 293 Ark. 1, 12, 732 S.W.2d 840, 846 (1987); *Plant v. Cameron Feed Mills*, 228 Ark. 607, 309 S.W.2d 312 (1958); *Anderson v. Seamans*, 49 Ark. 475, 5 S.W. 799 (1887). Once the lienor has substantially complied with the statute, the lien arises and relates back to the time of the performance. *Wiggins v. Searcy Fed. Sav. & Loan Ass'n*, 253 Ark. 407, 486 S.W.2d 900 (1972); *White v. Chaffin*, 32 Ark. 59 (1877).

■ Thus, since Supershine filed a verified complaint with the Circuit Court within 120 days of the performance of its contract with the debtors, it complied with the mechanics' lien statute and, under Arkansas law, has a valid mechanics' lien. Bankruptcy Code section 546 not only preserves this lien, but also permits the post-petition perfection of this lien. The interest in the property arose and existed pre-petition, and, because later perfection and relation-back is permitted under Arkansas law, section 546 also permits that perfection to be made and relate back to a pre-petition date. The filing of the bankruptcy petition did not terminate Supershine's right to timely perfect its mechanics' lien.

■ The debtor asserts that the filing of the complaint was an act in violation of the stay such that it was void. Since, the debtor argues, the filing of the complaint was a nullity, the filing cannot be used as the method of perfection of the lien. Since this argument nullifies two separate provisions of the Bankruptcy Code, it must be rejected. Since under Arkansas law, filing of the complaint and notice is a method of perfection of the

---

1. By this action, Supershine requests that this Court determine that it has a valid mechanics' lien, *i.e.*, that it perfected its lien. It does not request, as debtors appear to assert, that this Court *enforce* that lien. Rather, Supershine seeks permission to obtain enforcement of the lien in state court.

mechanics' lien, section 362(b)(3)[2] renders the filing of the complaint a valid method of perfection. While it is true that the creditor may not thereafter take any action in the state court to pursue the complaint and thereby act to enforce its lien, the filing of the complaint and giving appropriate notice by serving the complaint do not violate the stay. 11 U.S.C. § 362(b)(3); *In re Fiorillo & Co.*, 19 B.R. 21 (Bankr.S.D.N.Y.1982); *see Kaler v. Community First National Bank (In re Heitkamp)*, 137 F.3d 1087 (8th Cir. 1998) ("The subcontractors had a statutory lien against the house ... and could have perfected a security interest in the house even after the Heitkamps filed for bankruptcy." (citations omitted)). The mere act of filing the complaint and giving notice does not interfere with the bankruptcy process any more than the alternate method of perfecting the mechanics' lien by filing of a verified account with the Circuit clerk. Section 362(b)(3) applies to permit perfection by either method permitted by Arkansas law.

■ In as much as the Supershine has demonstrated that has a properly perfected mechanics' lien on the property and the trustee, by filing a report of no assets, has indicated that the estate has no interest in the property, relief from stay is appropriate.[3] Accordingly, it is

**ORDERED** that Supershine Floor Maintenance's "Petition to Relax Stay" filed on January 28, 1998, is GRANTED.

**IT IS SO ORDERED.**

---

**2.** Section 362(b)(3) provides:
> The filing of a petition under section 301, 302, or 303 of this title ... does not operate as a stay—(3) under subsection (a) of this section, *of any act to perfect,* or to maintain or continue the perfection of, an interest in property *to the extent that the trustee's rights and powers are subject to such perfection under section 546(b)* of this title or to the extent that such act is accomplished within the period provided under section 547(e)(2)(A) of this title.
> (Emphasis added.)

**3.** In any event, when the discharge was recently entered as to both debtors, the automatic stay in bankruptcy terminated. 11 U.S.C. § 362(c). Accordingly, as of the date of entry of the discharge, January 21, 1998, Supershine was entitled to continue with its state court action and proceed *in rem* to collect the debt. Of course, the discharge having been entered, Supershine may not proceed against the debtors *in personam.*