FILED

JUN 05 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No. CC-12-1559-ClDKi |
| | ) | |
| NAHED ABDELBASSIR ELEIWA, | ) | Bk. No. 6:12-bk-22839 MJ |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| NAHED ABDELBASSIR ELEIWA, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **M E M O R A N D U M**[1] |
| | ) | |
| ROBERT S. WHITMORE, Chapter 7 | ) | |
| Trustee, | ) | |
| | ) | |
| Appellee. | ) | |
| _____ | ) | |

Argued and Submitted on May 16, 2013
at Pasadena, California

Filed - June 5, 2013

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Meredith A. Jury, Bankruptcy Judge, Presiding

_____

Appearances:    Zulu Ali of the Law Offices of Zulu Ali argued for
Appellant Nahed AbdElbassir Eleiwa; Scott H.
Talkov of Reid & Hellyer, APC argued for Appellee
Robert S. Whitmore, Chapter 7 Trustee.

_____

_____

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

1

Before: CLEMENT,[2] DUNN, and KIRSCHER, Bankruptcy Judges.

## INTRODUCTION

The debtor filed a chapter 7[3] bankruptcy in which she claimed homestead exemptions in two real properties that she neither owned, nor lived in, on the date of the petition and "tools of the trade" exemptions in two vehicles. The chapter 7 trustee objected to these exemptions, which the bankruptcy court sustained. An appeal followed, and we now AFFIRM in part and VACATE and REMAND in part.

## FACTS

Nahed Eleiwa filed a chapter 7 petition, and Robert Whitmore was appointed as the trustee over her estate. On the petition, Eleiwa described her street address as 1040 South Mt. Vernon Avenue, #G-105, Colton, California and her county of residence as San Bernardino. Colton is a city in San Bernardino County. In the Statement of Financial Affairs, she denied residing at any other address within the past three years.

On Schedule A, Eleiwa listed two real properties: one located in Mission Viejo, California and another in Irvine, California. But she did not indicate the nature of her interest in these properties (i.e., fee simple, community property, etc.). Mission Viejo and Irvine are each located in Orange County. On

---

[2] Hon. Fredrick E. Clement, United States Bankruptcy Judge for the Eastern District of California, sitting by designation.

[3] Unless otherwise indicated, all chapter, section, and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

Schedule B, Eleiwa listed two vehicles: a 2003 Toyota Camry and a 2011 Toyota Sienna.[4] However, she indicated that they were the property of her spouse Alaa Touni.

Although Eleiwa scheduled the Mission Viejo and Irvine properties, grant deeds recorded in Orange County showed that each property was transferred, without consideration, approximately fourteen months prior to the petition date. The transferor, as stated in the grant deeds, was the Keant Trust, of which Eleiwa and her spouse are the co-trustees. The transferee was Amro Elawa. The record is silent as to the identities of the settlor and beneficiary and the terms of the Keant Trust, including whether the trust is revocable.

Believing the grant deeds to be fraudulent transfers, Whitmore commenced an adversary proceeding against Elawa to recover the real properties. When Elawa failed to respond to the complaint, Whitmore obtained a default judgment, which voided the grant deeds and reverted title back to the Keant Trust.

Before the entry of the default judgment, Eleiwa amended Schedule C to change how she exempted the two real properties and two vehicles.[5] She now claimed homestead exemptions in the

---

[4] We have taken judicial notice of the bankruptcy court docket and various documents filed through the electronic docketing system. See O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1988); Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

[5] In the original Schedule C, Eleiwa utilized the exemption scheme found at California Code of Civil Procedure § 703.140(b).
(continued...)

3

Mission Viejo and Irvine properties in the amounts of $150,000 and $25,000, respectively, pursuant to California Code of Civil Procedure § 704.730(a)(3)(B). She also claimed a $7,279 exemption in the Camry and a $2,000 exemption in the Sienna as "tools of the trade" under California Code of Civil Procedure § 704.060.

Whitmore timely filed an objection to the amended exemptions, and the bankruptcy court sustained the objection, disallowing each of the four exemptions.

### JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(B). An order disallowing a debtor's claim of exemption constitutes a final, appealable order. See Preblich v. Battley, 181 F.3d 1048, 1056 (9th Cir. 1999). We therefore have jurisdiction pursuant to 28 U.S.C. § 158(a)(1) and (b).

### ISSUES

This appeal presents but two issues: did the bankruptcy court err in disallowing Eleiwa's (1) homestead exemptions in the Mission Viejo property and the Irvine property, and (2) tools of the trade exemptions in the Camry and the Sienna?

### STANDARDS OF REVIEW

We review legal issues de novo and the bankruptcy court's

---

[5] (...continued)
Specifically, she claimed a $14,849 homestead exemption in the Irvine property, a $0 wildcard exemption in the Mission Viejo property, and a $2,011 wildcard exemption in the Sienna. For the Camry, she combined a $3,525 vehicle exemption and a $3,754 wildcard exemption.

4

factual findings under a clearly erroneous standard. <u>Kelley v. Locke (In re Kelley)</u>, 300 B.R. 11, 16 (9th Cir. BAP 2003). A factual finding is clearly erroneous if the record is devoid of evidence to support it or if the reviewing court is "left with the definite and firm conviction that a mistake" has been made in the finding. <u>Greene v. Savage (In re Greene)</u>, 583 F.3d 614, 618 (9th Cir. 2009). If the bankruptcy court's view of the evidence is plausible, viewed from the prism of the entire record, the court's factual findings cannot be clearly erroneous. <u>See</u> <u>Anderson v. City of Bessemer City, N.C.</u>, 470 U.S. 564, 574 (1985).

**DISCUSSION**

**I.    The Law of Exemptions.**

When a debtor files a chapter 7 petition, all of her assets become property of the estate and may be used to pay creditors, subject to the debtor's ability to reclaim specified property as exempt. <u>Schwab v. Reilly</u>, 130 S. Ct. 2652, 2657 (2010).

A debtor may exempt property either as permitted by the federal exemption scheme found at § 522(d) or, if the applicable state has opted out of that scheme, as allowed under relevant state law. <u>See</u> 11 U.S.C. § 522(b). California has elected not to utilize the federal exemptions and, instead, offers a debtor the choice between two different exemption schemes. <u>See</u> Cal. Civ. Proc. Code §§ 703.130, 703.140(a). Here, Eleiwa has chosen the set of exemptions provided in California Code of Civil Procedure §§ 703.010-704.995 (except for those exemptions provided in

5

§ 703.140(b)). See id. § 703.140(a).

Once a debtor claims an exemption, it is presumptively valid, and the objecting party shoulders the burden of proving that the exemption is not properly claimed. See Rule 4003(c); Carter v. Anderson (In re Carter), 182 F.3d 1027, 1029 n.3 (9th Cir. 1999).

**II.   Homestead Exemptions.**

Eleiwa claimed homestead exemptions under California Code of Civil Procedure § 704.730(a)(3)(B) based on her alleged status as a disabled person[6] and attempted to split the allowed $175,000

---

[6] This exemption statute provides, in relevant part,

(a) The amount of the homestead exemption is one of the following:

. . .

(3) One hundred seventy-five thousand dollars ($175,000) if the judgment debtor or spouse of the judgment debtor who resides in the homestead is at the time of the attempted sale of the homestead any one of the following:

. . .

(B) A person physically or mentally disabled who as a result of that disability is unable to engage in substantial gainful employment. There is a rebuttable presumption affecting the burden of proof that a person receiving disability insurance benefit payments under Title II or supplemental security income payments under Title XVI of the federal Social Security Act satisfies the requirements of this paragraph as to his or her inability to engage in substantial gainful employment.

(continued...)

6

exemption amount between the Mission Viejo and Irvine properties.[7] The bankruptcy court sustained Whitmore's objection to the two homestead exemptions on multiple, alternative grounds: (1) that the two real properties were not property of the estate; and (2) that Eleiwa did not reside in either of the properties.[8] On appeal, Eleiwa has challenged both of these grounds.

**A.   Property of the Estate.**

First, we review the bankruptcy court's findings that the Mission Viejo and Irvine properties were not property of the estate both on the petition date and after Whitmore's avoidance of the fraudulent transfers.

It is a "well settled rule that property cannot be exempted unless it is first property of the estate." Heintz v. Carey (In re Heintz), 198 B.R. 581, 586 (9th Cir. BAP 1996); accord Owen v. Owen, 500 U.S. 305, 308 (1991). As the Ninth Circuit has stated,

Whether [a] [d]ebtor's [property is] excluded from the

---

[6] (...continued)
Cal. Civ. Proc. Code § 704.730(a)(3)(B).

[7] However, a debtor is entitled to only one such exemption. See Cal. Civ. Proc. Code § 704.710(c) (defining "homestead" as debtor's "principal dwelling"); see also id. § 704.720(c) (permitting only one homestead exemption where debtor and spouse each reside in separate homesteads); cf. Rowe v. Jackman (In re Rowe), 236 B.R. 11, 14 (9th Cir. BAP 1999) (holding that married couple was entitled to one homestead exemption under Nevada law).

[8] The bankruptcy court also sustained the objection on the ground that § 522(g) precludes Eleiwa from claiming exemptions in the two fraudulently transferred properties. However, since we affirm on the other two grounds, we do not reach this issue.

7

estate is a question that should be addressed by the bankruptcy court in the first instance. The exemption question arises only if the [property is] first determined to be property of the estate. In fact, if the [property is] not property of the estate, the bankruptcy court should not make a decision on the exemption question.

Ehrenberg v. S. Cal. Permanente Med. Grp. (In re Moses), 167 F.3d 470, 474 (9th Cir. 1999) (quoting Spirtos v. Moreno (In re Spirtos), 992 F.2d 1004, 1007 (9th Cir. 1993)).

Since property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," 11 U.S.C. § 541(a)(1), a debtor can exempt property that she owned as of the petition date. See Robertson v. Alsberg (In re Alsberg), 161 B.R. 680, 683 (9th Cir. BAP 1993), aff'd, 68 F.3d 312 (9th Cir. 1995). However, in this instance, the bankruptcy court correctly found that Eleiwa did not have an interest in the two real properties on the petition date. The evidence shows, on that date, Amro Elawa, a third party, held title to the Mission Viejo and Irvine properties.

Alternatively, "[a]ny interest in property that the trustee recovers under [§ 550]" also becomes property of the estate. 11 U.S.C. § 541(a)(3). Yet, in this case, once the bankruptcy court entered the default judgment in favor of Whitmore, voiding the grant deeds, title reverted back to the Keant Trust, the transferor, rather than to Eleiwa. The Keant Trust held title to the two properties, and Eleiwa was only a co-trustee of that trust. Under California law, the Keant Trust is presumed to be the owner of that property. See Cal. Evid. Code § 662. And

8

without any evidence showing that Eleiwa was the trustor and that the trust was revocable, the bankruptcy court appropriately found that Eleiwa did not own the properties upon Whitmore's recovery. The fact that Eleiwa was the co-trustee of the Keant Trust did not mean that the trust's property became her bankruptcy estate's property. See 11 U.S.C. § 541(b)(1), (d); Foothill Capital Corp. v. Clare's Food Mkt., Inc. (In re Coupon Clearing Serv., Inc.), 113 F.3d 1091, 1099 (9th Cir. 1997).

**B.    Residency.**

More problematic to Eleiwa's homestead exemption claims are the bankruptcy court's findings that she did not reside in either the Mission Viejo or Irvine property on the petition date. The California homestead exemption "applies when a [debtor] has continuously resided in a dwelling from the time that a creditor's lien attaches until a court's determination that the exemption applies." Kelley, 300 B.R. at 17 (citing Cal. Civ. Proc. Code § 704.710(c)).

On appeal, Eleiwa argues that the evidence presented below unequivocally established her residency in the two real properties. However, we reject that argument and conclude that the bankruptcy court's findings that Eleiwa did not reside at either property were not clearly erroneous.

Eleiwa first takes issue with the bankruptcy court's conclusion that she is "kind of stuck with what [she] told the Court under penalty of perjury" in her petition. Hr'g Tr. 5:8-9, Oct. 23, 2012. Specifically, the petition shows that Eleiwa

9

claimed the Colton address as her street address, rather than the Mission Viejo or Irvine property. Further, on the petition, she indicated her county of residence as being San Bernardino (where Colton is located), rather than Orange (where the two real properties are located).

Any representation made in a debtor's petition, signed under penalty of perjury, is an admission that may be offered against that debtor. See Am. Express Travel Related Servs. Co. v. Vee Vinhnee (In re Vee Vinhnee), 336 B.R. 437, 449 (9th Cir. BAP 2005); Campbell v. Verizon Wireless S-CA (In re Campbell), 336 B.R. 430, 436 (9th Cir. BAP 2005). Thus, notwithstanding Eleiwa's contention that she withdrew the admissions,[9] it was appropriate for the bankruptcy court to consider Eleiwa's admissions made in the petition about her street address and her county of residence as evidence in ruling on the homestead exemptions.

Second, Eleiwa argues that the bankruptcy court erred by looking only at the mailing address on the utility bills while failing to give any weight to the service address listed on those bills (which had the Mission Viejo property as the service address).[10] However, this argument also falls short because that

[9] Eleiwa argues that by amending the schedules, she withdrew any admissions she may have made in the original schedules. However, Eleiwa never amended the petition, which contained the subject admissions considered by the bankruptcy court.

[10] In her opposition to Whitmore's objection to the exemptions, Eleiwa attached several utility bills addressed to
(continued...)

10

portion of the bills is equivocal at best on the issue of where Eleiwa resided on the petition date.

Evidence that a utility service is provided to a particular address under a specific customer's name gives rise to two possible inferences: one that the customer resided at that address and another that the customer did not reside at that address but was only paying for the service provided there. Here, the bankruptcy court adopted the latter version of the facts, possibly in light of the fact that the bills were mailed to Eleiwa at an address different than the service address. Where there are two plausible versions of the facts to be drawn from the evidence, the court's findings cannot be clearly erroneous. Vill. Nurseries v. Gould (In re Baldwin Builders), 232 B.R. 406, 410 (9th Cir. BAP 1999). Thus, the bankruptcy court did not err in finding that the utility bills failed to establish that Eleiwa

---

[10] (...continued)
either her or her spouse. Each bill listed a service address (i.e., where the utility service was provided) and a mailing address (i.e., where the bill was mailed to). All of the utility bills showed the Mission Viejo property as the service address. While the earlier bills listed that property also as the mailing address, the more recent bills (i.e., for those months immediately before and after the petition date) were mailed to a post office box. When reviewing the bills, the bankruptcy court noted that "if you look at where those bills were mailed, they were mailed to a post office box of the husband." Hr'g Tr. 5:15-17, Oct. 23, 2012. The court then concluded, "If they did live in the Mission Viejo address, they would get their mail there, and they are not getting their mail there." Id. at 5:18-20.

11

resided at the Mission Viejo or Irvine property.[11]

For these reasons, we affirm the bankruptcy court's disallowance of the two homestead exemptions.

**III. Tools of the Trade Exemptions.**

Eleiwa also appeals the bankruptcy court's disallowance of her claimed exemptions in the Camry and the Sienna as tools of the trade of her spouse. The court's ruling was based on (1) the lack of evidence showing that Eleiwa's spouse used the vehicles in his business and (2) the aggregate exempted value of the vehicles exceeding the statutory exemption amount.

California Code of Civil Procedure § 704.060 authorizes a debtor to exempt tools of the trade up to an aggregate equity value of $6,075 if such tools are "reasonably necessary" to and "actually used" by the debtor or the debtor's spouse in the exercise of his or her trade, business, or profession.[12]

---

[11] Eleiwa did not actually present any evidence to show that she resided at the Irvine property. As previously noted, the utility bills were only for the Mission Viejo property.

[12] The relevant portions of this statute provide,

(a) Tools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property are exempt to the extent that the aggregate equity therein does not exceed:

(1) Six thousand seventy-five dollars ($6,075), if reasonably necessary to and actually used by the judgment debtor in the exercise of the trade, business, or profession by which the judgment debtor earns a livelihood.

(2) Six thousand seventy-five dollars ($6,075), if
(continued...)

12

Here, Eleiwa claimed a $7,279 exemption in the Camry and a $2,000 exemption in the Sienna. On appeal, she appears to argue that the bankruptcy court's factual findings were clearly erroneous, but Eleiwa's argument is premised on new evidence not presented below.

## A.    Burden of Proof.

Because the party objecting to an exemption has the burden of proof, Rule 4003(c), that party has the initial burden of producing evidence to rebut the presumptively valid exemption. <u>Carter</u>, 182 F.3d at 1029 n.3. Here, Whitmore did produce some evidence, in the form of Eleiwa's Schedule I and Statement of Financial Affairs, showing that Eleiwa was currently unemployed

[12] (...continued)
> reasonably necessary to and actually used by the spouse of the judgment debtor in the exercise of the trade, business, or profession by which the spouse earns a livelihood.

> . . .

> (c) Notwithstanding subdivision (a), a motor vehicle is not exempt under subdivision (a) if there is a motor vehicle exempt under Section 704.010 which is reasonably adequate for use in the trade, business, or profession for which the exemption is claimed under this section.

> (d) Notwithstanding subdivisions (a) and (b):

> > (1) The amount of the exemption for a commercial motor vehicle under paragraph (1) or (2) of subdivision (a) is limited to four thousand eight hundred fifty dollars ($4,850).

> . . . .

Cal. Civ. Proc. Code § 704.060.

13

and had not operated a business in years. This evidence was sufficient to meet Whitmore's initial burden to establish that Eleiwa could not exempt the two vehicles as her own tools of the trade under California Code of Civil Procedure § 704.060(a)(1). However, Whitmore did not come forward with any evidence to rebut Eleiwa's presumptively valid exemptions as her non-debtor spouse's tools of the trade under § 704.060(a)(2).

Nevertheless, the bankruptcy court concluded that Eleiwa did not meet her burden of producing evidence to demonstrate that the vehicles qualified as her spouse's tools of the trade. Yet, the burden of production does not shift to a debtor until the objecting party has initially produced evidence to rebut the exemption. See id. Because no evidence was presented by Whitmore on this issue, the bankruptcy court erred in finding that Eleiwa failed to produce any unequivocal evidence when that burden had not yet shifted to her.

But even if the tools of the trade exemptions in the vehicles are presumptively valid under California Code of Civil Procedure § 704.060(a)(2), we must address other preliminary issues affecting whether Eleiwa can claim these exemptions.

**B.    Exemption Limit.**

First, a debtor cannot claim an exemption in an amount greater than what the applicable statute will allow. For tools of the trade, the statute provides that the aggregate equity of such tools claimed exempt cannot exceed $6,075. See Cal. Civ. Proc. Code § 704.060(a)(1), (2). Here, Eleiwa claimed a $7,279

14

exemption in the Camry and a $2,000 exemption in the Sienna. She valued the two vehicles at $7,279 and $19,017, respectively, on Schedule B, and she did not include any debts securing them on Schedule D. Thus, the aggregate equity of the vehicles claimed exempt was $9,279, clearly above the $6,075 limit.

However, we need not choose which of the two exemptions in the vehicles must be disallowed because the $7,279 exemption in the Camry, by itself, exceeds the statutory limit. Thus, the bankruptcy court properly disallowed the exemption in that vehicle as a tool of the trade.

**C.    Property of the Estate.**

Second, as previously discussed, the bankruptcy court must find that the property belongs to the estate before deciding whether that property has been properly exempted. See Moses, 167 F.3d at 474. Here, the bankruptcy court did not make adequate findings as to whether the vehicles were property of the estate. The court noted, "The Debtor is now claiming the cars are owned by the non-filing husband. I don't know whether the estate has a community property interest in the cars. It may well have. I don't know why it wouldn't." Hr'g Tr. 7:22-8:1, Oct. 23, 2012. As a result, this matter must be remanded to the bankruptcy court on the property of the estate issue. However, since the exemption in the Camry must be disallowed for exceeding the statutory limit, the proceeding on remand will only encompass determining whether the Sienna is property of the estate.

**D.   Commercial Motor Vehicle.**

Lastly, we address the "commercial motor vehicle" argument raised by Whitmore. While California Code of Civil Procedure § 704.060 places no limitation on the number of "tools," "implements," or "other personal property" that a debtor can exempt, the statute strictly permits the debtor to exempt only "one commercial motor vehicle" and "one vessel." Cal. Civ. Proc. Code § 704.060(a). Whitmore contends that Eleiwa cannot exempt both vehicles but that she is limited to choosing one due to the statute's "one commercial motor vehicle" language.[13]

However, we need not reach that issue at this point since we affirm the bankruptcy court's disallowance of the claimed exemption in one of the two vehicles. Additionally, the bankruptcy court made no finding that either of the vehicles was a commercial motor vehicle. Rather, the record shows that the court disallowed the exemptions in the vehicles generally as tools of the trade.

## CONCLUSION

For the reasons set forth above, we AFFIRM the bankruptcy court's order disallowing Eleiwa's exemptions in the Mission Viejo property, the Irvine property, and the Camry. We VACATE that part of the order disallowing the exemption in the Sienna and REMAND for a determination of whether Eleiwa has an interest

---

[13] It is unclear whether Whitmore is arguing that a debtor can only exempt a motor vehicle under § 704.060 as a "commercial motor vehicle" and that she can never exempt it as a "tool" or "other personal property."

16

in the Sienna that would constitute property of the estate.

On remand, if the bankruptcy court finds that the Sienna is property of the estate, the court must then determine whether Eleiwa can claim the Sienna as her spouse's tool of the trade, applying the appropriate burden of proof. In contrast, if the court finds that the estate has no interest in the Sienna, the exemption will be disallowed.